## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| P.G., by and through his mother, K.G.; A.K., by and through his mother, S.K.; M.L., by and through his mother, V.L.; T.K., by and through her mother, L.S.; T.W., by and through her mother, M.R.; A.F., by an through her parents, S.F. and M.F.; B.A., by and through her legal guardian, J.A.; Sa.F., by and through her mother, J.F.; and C.S., | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 13-3020 |
| JULIE HAMOS, in her official capacity as Director of the Illinois Department of Healthcare and Family Services, MICHELLE R.B. SADDLER, in her official capacity as Secretary of the Department of Human Services; and THE ILLINOIS MENTAL HEALTH COLLABORATIVE FOR ACCESS AND CHOICE, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Defendants Julie Hamos, in her official capacity as Director of the Illinois Department of Healthcare and Family Services, and Michelle R.B. Saddler, in her official capacity as Secretary of the Illinois Department of Human Services ("the State Defendants"), filed a Motion to Dismiss or Transfer Case to Northern District of Illinois (d/e 56). Defendant asserts that dismissal of this case is warranted because on February 13, 2014 the District Court for the Northern District of Illinois certified a class action in N.B. v. Hamos, Case No. 11 C 06866, which raises identical issues. In the alternative, Defendant asserts that if the Court prefers to transfer the case, the Court should decline to rule on the motion to dismiss and transfer the case to the Northern District. For the reasons that follow, the Motion to Dismiss or Transfer is DENIED. However, the Court, sua sponte, stays this case pending resolution of the class action.

## I. BACKGROUND

A.    The Instant Lawsuit

In January 2013, Plaintiffs A.K., by and through his mother, S.K., and P.G., by and through his mother, K.G., filed this action against the State Defendants and the Illinois Mental Health

Collaborative for Access and Choice[1] ("the Collaborative") (d/e 1).

The Amended Complaint filed February 27, 2013 (d/e 13) and the

Second Amended Complaint filed March 17, 2013 (d/e 20) added

Plaintiffs J.L, by and through his mother, V.L.; T.K., by and through

her mother, L.S.; T.W., by and through her mother M.R.; A.F., by

and through her parents S.F. and M.F.; B.A., by and through her

legal guardian, J.A.; Sa.F., by and through her mother, J.F.; and

C.S.  Plaintiffs allege they are Medicaid-eligible persons under the

age of 21 who have behavioral and emotional disorders but are not

being provided with treatment required by federal law.

The Second Amended Complaint seeks declaratory and

injunctive relief for violations of the Early and Periodic Screening,

Diagnostic, and Treatment ("EPSDT") program of Medicaid and 42

U.S.C. § 1983 (Count 1, brought against all three Defendants); the

Americans with Disabilities Act ("ADA") and § 1983 (Count 2,

brought against the State Defendants), and the Rehabilitation Act

(Count 3, brought against the State Defendants).  Specifically,

---

[1] The Collaborative is an administrative services organization that oversees services and resources allocated to the Department of Human Services Division of Mental Health.  See Collaborative Resp., d/e 60, p. 2, citing Second Am. Compl., d/e 20, ¶ 64.

Plaintiffs seek a declaratory judgment that Defendants'[2] failure to comply with the mandates of the Medicaid Act, the ADA, and the Rehabilitation Act is unlawful.  Plaintiffs also seek to enjoin Defendants from subjecting them to practices that violate Plaintiffs' rights under the Medicaid Act, the ADA, and the Rehabilitation Act. Plaintiffs seek money damages under the Rehabilitation Act (Count 4, brought against the State Defendants).

Plaintiffs P.G. and C.S. also bring two additional claims against Defendant Saddler and the Collaborative relating to alleged deficiencies in the Individual Care Grant program which is administered by the Department of Human Services.  Count 5, titled "Administrative Review—Improper Promulgation of Rule," alleges that Defendant Saddler's and the Collaborative's decision to discontinue funding for P.G.'s and C.S.'s treatment was not authorized by Illinois law.  Count 6, titled "Section 1983—Due Process," alleges that the Collaborative did not deny Plaintiff P.G. funding for his placement in writing and failed to give both P.G. and

---

[2] The Second Amended Complaint actually uses the singular "Defendant" but this appears to be a typographical error.

C.S. an opportunity for a fair hearing (appeal) of the Collaborative's denials.

In February, March, and May 2013, this Court entered Agreed Orders directing Defendant Hamos, in her official capacity as Director of the Illinois Department of Healthcare and Family Services, to procure a contract for appropriate treatment and placement at a psychiatric residential treatment facility for Plaintiffs A.K., M.L, T.K., T.W., A.F., B.A., and Sa.F. <u>See</u> d/e 12, 18, 39. Plaintiffs P.G. and C.S. withdrew their requests for emergency relief without prejudice to refiling the motions if the Individual Care Grant program failed to meet their needs. <u>See</u> d/e 38; May 13, 2013 Text Order.

In their response to the Motion to Dismiss or Transfer, Plaintiffs advise the Court that many of them remain in residential treatment. A few Plaintiffs have been discharged home and are receiving treatment in their respective communities. The Plaintiffs that have been discharged are not seeking continued injunctive relief. The remaining Plaintiffs are seeking continued injunctive relief but are willing to forgo individual injunctive relief if and when

class-based relief is granted that addresses their individual situations.  Pls.' Resp., d/e 59, p. 2.

B.     The N.B. v. Hamos Lawsuit Filed in the Northern District of Illinois

The N.B. v. Hamos lawsuit in the Northern District of Illinois was filed in September 2011.  The original Complaint, filed solely by plaintiff N.B., contained four of the same counts (Counts 1 through 4) contained in the Complaint in P.G. et al. v. Hamos.  See N.B. v. Hamos, Case No. 11 C 06866, d/e 1.  Unlike the P.G. Complaint, the N.B. Complaint also contained class action allegations.

N.B.'s Amended Complaint, filed October 12, 2011, and Second Amended Complaint, filed August 23, 2012, included additional plaintiffs.  Id. at d/e 15, 54.  Only N.B., however, seeks damages in Count 4.

The Second Amended Complaint in N.B. v. Hamos differs slightly from the Complaint in P.G. v.  Hamos in regard to the relief sought.  See Exhibit to Mot. to Dismiss, d/e 61-1.  Like the Complaint in P.G. et al. v. Hamos, the Second Amended Complaint in N.B. v. Hamos seeks a declaratory judgment that Defendant's failure to comply with the mandates of the Medicaid Act, the ADA,

and the Rehabilitation Act is unlawful, an injunction to bar

Defendant from subjecting Plaintiffs (and the class) to practices that

violate their rights under the Medicaid Act, the ADA, and the

Rehabilitation Act, money damages for N.B. under the

Rehabilitation Act, and attorney's fees and costs.

The Second Amended Complaint also seeks, however,

preliminary and permanent injunctive relief for violations of the

"integration mandate" and seeks an order requiring Defendant to (1)

inform individuals with disabilities that they may be eligible for

community-based services and have the choice of such services; (2)

regularly provide assessments to determine eligibility for

community-based services; and (3) promptly provide appropriate

services and support to qualifying individuals in the community,

creating a viable alternative to treatment in institutional settings.

See d/e 61-1; see also N.B. v. Hamos, Case No. 11 C 06866, d/e 54,

p. 43.

On February 13, 2014, United States District Judge John J.

Tharp, Jr., certified the following class:

> All Medicaid-eligible children under the age of 21 in the
> State of Illinois: (1) who have been diagnosed with a
> mental health or behavioral disorder; and (2) for whom a

licensed practitioner of the healing arts has recommended intensive home- and community-based services to correct or ameliorate their disorders.

N.B. v. Hamos, -- F. Supp. 2d ---, 2014 WL 562637, at *14 (N.D. Ill. Feb. 13, 2014). The court certified the class under Rule 23(b)(2) for injunctive or declaratory relief only. Id. at 12 (noting that "success on the plaintiffs' claims will require policy modifications to properly implement EPSDT and the integration mandate"). The court appointed attorneys Michelle N. Schneiderheinze (the attorney in P.G. et al. v. Hamos), Robert H. Farley, Jr., and Mary Denise Cahill as class counsel. Id. at 14.

## II. ANALYSIS

The State Defendants argue that this cause of action should be dismissed in light of the Northern District's certification of a class that encompasses the Plaintiffs and claims pending in this Court. In the alternative, the Court should decline to rule on the dismissal motion and transfer the case to the Northern District.

In support thereof, the State Defendants assert that Plaintiffs have no right to opt out of a Rule 23(b)(2) class and, therefore, cannot maintain a separate individual action. The State Defendants further assert that allowing Plaintiffs to proceed on

their individual suits would lead to the type of inconsistent court rulings class certification is designed to prevent and would inhibit settlement.

Plaintiffs respond that under certain circumstances a plaintiff can opt out of a Rule 23(b)(2) class. Plaintiffs also state that dismissal or transfer is not warranted because some of the Plaintiffs are only seeking damages and attorney's fees for Defendants' prior conduct. Finally, Plaintiffs assert that transfer is not warranted because the damages claim is not subject to class treatment, the potential for inconsistent rulings is non-existent (because, according to Plaintiffs, the law is clear), transfer would cause unnecessary delay and additional burdens, and this case involves defendants and claims not involved in the Northern District of Illinois case.

The Collaborative asserts that the case should be dismissed because the relief sought in both cases is the same, despite the two additional counts in the instant case. The Collaborative notes that Counts 5 and 6 do not contain individual prayers for relief. Count 5, which asserts a claim for improper promulgation of administrative rule in a manner affecting Plaintiffs' Individual Care

Grant eligibility, will be litigated in the <u>N.B.</u> case. Resp. d/e 60, p. 4 ("The responsibility for determining eligibility for ICG grants lies not with the Collaborative, but with the State, which is represented in the <u>N.B.</u> case through Defendant Hamos"). Count 6 alleges violations of the same section of the Medicaid Act cited in Count 1. The Collaborative also argues that the Collaborative is only "tangentially connected" to the potential relief. Collaborative Resp., d/e 60, pp. 4-5.

Plaintiffs are part of the class certified in the Northern District. Judge Tharp did not provide an opt-out provision, and Plaintiffs have not sought to opt out of the class. <u>See</u> <u>Johnson v. Meriter Health Servs. Emp. Ret. Plan</u>, 702 F.3d 364, 370-71 (7th Cir. 2012) (noting that Rule 23(b)(2) does not mention "opting out" but that "the case law permits the judge to allow opt out").

This Court will not, however, dismiss this action. Plaintiffs have asserted a claim for damages in Count 4. The class certified in <u>N.B. v. Hamos</u> is for injunctive and declaratory relief only. Although the Northern District court has the authority to devise a method of adjudicating individual damages claims, the court may choose not to do so.

In addition, this case involves two defendants and claims not involved in the Northern District case. The class certification might not impact Plaintiffs P.G. and C.S's claims against those defendants. Dismissal is rarely appropriate "unless it is absolutely clear that dismissal cannot adversely affect any litigant's interests." Cent. States, Se. & Sw. Areas Pension Fund v. Paramount Liquor Co., 203 F.3d 442, 444 (7th Cir. 2000). Because dismissal may adversely affect Plaintiffs P.G. and C.S.'s rights, the Motion to Dismiss is denied.

The Court also, in its discretion, will not transfer the cause of action to the Northern District.[3] Section 1404(a) of Title 28 of the United States Code provides the circumstances under which a court may transfer a civil action to another district or division:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or

---

[3] In opposing dismissal and transfer, Plaintiffs assert that some of them are only seeking damages and the remaining Plaintiffs are willing to forgo individual injunctive relief if and when class-based relief is granted to address their individual situations. However, Plaintiffs are not entitled to damages unless they can establish liability. The liability issues in this case are essentially the same as those raised in N.B. v. Hamos. Therefore, the Court does not adopt this argument as a basis for denying dismissal or transfer.

> to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).   In cases where the district court is asked to transfer one lawsuit to the forum where an identical lawsuit is pending, the court may consider the order in which the suits were filed among the factors evaluated under § 1404(a).  <u>Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.</u>, 626 F.3d 973, 982 (7th Cir. 2010) (refusing to adopt an inflexible rule that the first-filed case controls).

In this case, the action could have been brought in the Northern District because, at the very least, Defendants Hamos in her official capacity resides in any judicial district in which she is subject to the court's personal jurisdiction.  <u>See</u> 28 U.S.C. § 1391(b)(1) (venue is proper in a judicial district in which "any defendant resides, if all defendants are residents of the State in which the district is located"); § 1391(c)(2) (a defendant entity is deemed to reside in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question).  The Northern District case was also filed before the instant case.

However, the Northern District is not convenient to the parties and the witnesses. Although C.S. and A.F. resided in the Northern District of Illinois, the remaining Plaintiffs resided in the Central District of Illinois and the relevant treating clinicians are located in this district. Moreover, as noted above, this lawsuit contains additional claims and defendants not included in the N.B. lawsuit.

The interests of justice, which in this case include judicial economy and comity, support a stay as opposed to a transfer, in light of the convenience to the parties and witnesses and the differences in the two cases. See Blair v. Equifax Servs., Inc., 181 F.3d 832, 839 (7th Cir. 1999) (noting that "[w]hen overlapping suits are filed in separate courts, stays (or, rarely, transfers) are the best means of coordination"). Allowing parallel suits to proceed is an inefficient use of court resources.

The parties do not address offensive collateral estoppel,[4] whether the estoppel here would be considered mutual or nonmutual, or whether offensive collateral estoppel could even be asserted against Defendant Hamos in the event this Court reached

---

[4] "Offensive use of collateral estoppel occurs when a plaintiff seeks to foreclose a defendant from relitigating an issue the defendant has previously litigated unsuccessfully in another action against the same or a different party." Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 n.4 (1979).

a judgment in favor of Plaintiffs prior to a judgment in the Northern District court. See Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 332 (1979) (holding that federal courts have the discretion to allow the use of nonmutual offensive collateral estoppel if warranted by the circumstances); United States v. Mendoza, 464 U.S. 154 (1984) (limiting the holding in Parklane by holding that nonmutual offensive collateral estoppel could not be asserted against the United States); Hercules Carriers, Inc. v. Claimant State of Fla., Dep't of Transp., 768 F.2d 1558, 1579 (11th Cir. 1985) (extending Mendoza to state governments). Assuming that collateral estoppel would not apply, the issue of whether the Department of Healthcare and Family Services' system violates the EPSDT provisions and the integration mandate of the ADA and Rehabilitation Act would then be litigated twice and could result in inconsistent adjudications. This is particularly troubling where Plaintiffs remain a member of the class certified in N.B. v. Hamos.

In contrast, because the Northern District action is a class action and Plaintiffs are part of that class, the determination in the Northern District will clearly bind Plaintiffs and all other class members. See, e.g., Schor v. Abbott Lab., 457 F.3d 608, 615 (7th

Cir. 2006) (noting that a decision favorable to the defendant in a California lawsuit was not conclusive against a plaintiff who was not a party to that action unless the court in the California action certified a class and the plaintiff failed to opt out). Resolution of the identical issue on a class-wide basis is a more appropriate use of court resources. In addition, the Northern District case has been pending since 2011 and that court has as much familiarity with the issues as this Court.

Notably, the instant case has progressed further than N.B. v. Hamos. Discovery closes on May 20, 2014 and dispositive motions are due August 1, 2014. However, Plaintiffs will not be prejudiced by any delay because they are in a satisfactory placement. The only delay they will suffer is to the recovery of damages and attorney's fees. Although the Court does not suggest that a delay to recover damages and attorney's fees is minimal, the issue can be quickly resolved following a determination on whether the Department of Healthcare and Family Services' system violates the EPSDT provisions and the integration mandate of the ADA and Rehabilitation Act. A determination of that issue might also expedite the resolution of P.G. and C.S.'s claims against Defendants

Saddler and the Collaborative.  Staying this case will also reduce

the attorney's fees incurred, avoid duplicative work for the

attorneys, and streamline any potential settlement.

### III. CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss or

Transfer Case to Northern District of Illinois (d/e 56) is DENIED.

The Court, <u>sua</u> <u>sponte</u>, STAYS this cause of action pending a

determination in <u>N.B. v. Hamos</u> of whether the Department's

system violates the EPSDT provisions and the integration mandate

of the ADA and Rehabilitation Act.  All pending deadlines are

vacated.

ENTER:  April 21, 2014

FOR THE COURT:

<u>    s/ Sue E. Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE